**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EARL REDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-720-JHP-TLW |
| | ) | |
| DAVID L. MOSS CRIMINAL JUSTICE | ) | |
| CENTER (sued as David L. Moss); | ) | |
| GOV. OK; D.O. McKENNY; | ) | |
| D.O. BRUNO; MEDICAL UNIT, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action commenced on November 25, 2014, by Plaintiff Earl Redford, a state inmate appearing pro se. By Order filed December 4, 2014 (Dkt. # 5), the Court directed Plaintiff to cure the filing fee deficiency. In addition, the Court found that the text of Plaintiff's complaint was both illegible and incomprehensible and, for that reason, the complaint was subject to being dismissed without prejudice. Id. at 4. However, Plaintiff was afforded the opportunity to file an amended complaint. Id.

On December 16, 2014, Plaintiff filed both an amended complaint (Dkt. # 6) and a motion to proceed in forma pauperis (Dkt. # 7). For the reasons discussed below, the motion to proceed in forma pauperis is granted. The amended complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**A. Motion to proceed in forma pauperis**

After reviewing Plaintiff's motion to proceed in forma pauperis the Court finds that the motion is deficient because Plaintiff failed to provide a completed Statement of Institutional Accounts. See Dkt. # 7 at 3. Nonetheless, based on Plaintiff's averments that he has no cash,

checking, or savings account, nor does he own anything of value, the Court shall grant Plaintiff's motion to proceed in forma pauperis. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his institutional account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff is advised that monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even though the amended complaint is dismissed, as discussed below.

**B. Amended complaint shall be dismissed**

Federal Rule of Civil Procedure 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to comply with Rule 8, Rule 41(b) authorizes district courts to dismiss an action with or without prejudice. Fed. R. Civ. P. 41(b). A court construes a pro se litigant's pleadings liberally, but does not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Upon review of the amended complaint, the Court finds that it, like the original complaint, is largely illegible and incomprehensible. For that reason, Plaintiff's amended complaint fails to satisfy the requirements of Rule 8. Specifically, the amended complaint is too vague and unintelligible to inform the named defendants of the legal claims being asserted. See Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007) (stating that "Rule 8 serves the important purpose

of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted").

In the caption of his amended complaint, Plaintiff appears to list three (3) defendants: David L. Moss, the Medical Unit, and the Governor of Oklahoma. In the text of the amended complaint, Plaintiff identifies two more defendants, providing one name for each: McKenny and Bruno. Plaintiff also states that both McKenny and Bruno are employed at David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail. However, Plaintiff fails to describe with any specificity what action was taken or who took such action resulting in a violation of his constitutional rights. For example, as Count I, Plaintiff appears to write: "record has been expunged, untouchable D8D 13, I went preliminary court no show." See Dkt. # 6 at 2. As Count II, Plaintiff appears to write: "Baio [sic] the state has continually put in state custody people with limit men[tal]." Id. And as Count III, Plaintiff appears to write: "no lawyer contact phina [sic] at Oklahoma Forensic Center." Id. at 3. Those allegations are nonsensical and are not linked to any named defendant.

For those reasons, the amended complaint fails to comply with Fed. R. Civ. P. 8(a)(2). Accordingly, the amended complaint shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Galindo v. Lampela, 513 F. App'x 751, 752-53 (10th Cir. 2013) (unpublished)[1] (finding no abuse of discretion in district court's dismissal of amended complaint without prejudice for failure to comply with Fed. R. Civ. P. 8).

---

[1]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. The amended complaint (Dkt. # 6) is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

2. Plaintiff's motion to proceed in forma pauperis (Dkt. # 7) is **granted**.

3. This is a final Order terminating this action.

**DATED** this 27th day of January, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma